**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**MICHAEL T. GEORGE,**

**Petitioner,**

       **- v -**                               **9:03-CV-0718**
                                                                        **(NPM)**

**JAMES CAMPBELL, Sheriff, Albany County Correctional**
**Facility,**

**Respondent.**

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PETITIONER:**

**MICHAEL T. GEORGE**
Petitioner, pro se
Cohoes, NY 12047

**FOR THE RESPONDENT:**

**HON. ANDREW M. CUOMO**          **RISA L. VIGLUCCI, ESQ.**
Attorney General for the                Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224

**NEAL P. MCCURN**
**SENIOR, UNITED STATES DISTRICT JUDGE**

**MEMORANDUM-DECISION AND ORDER**

**I.**      **Background**

       **A.**      **State Court Proceedings**

     The state court records provided to the Court reflect that on December 10, 1998

petitioner pro se Michael T. George pleaded guilty in Rensselaer County Court to a Superior

Court Information which accused him of the crime of Attempted Burglary in the Second Degree,

a class D felony, in violation of N.Y. Penal L. §§ 110.00 and 140.25(2).  See State Court Record

("Record")[1] at 3.  That plea, which George entered before Rensselaer County Court Judge

Patrick J. McGrath, included a waiver of George's right to appeal his conviction and sentence.[2]

See Record at 12, 16-17, 36.[3]

On December 23, 1998, George was sentenced by Judge McGrath to a determinate

sentence of four years in state prison.  See Sentencing Tr. at 3.  At that time, the County Court

did not note that George's sentence also included a legally required term of post-release

supervision that would begin to run upon his release from prison.[4]  See Sentencing Tr.

On or about August 19, 2002, petitioner filed a CPL § 440.20 motion in which he sought

---

[1]       In opposing George's request for habeas relief, the respondent provided this Court with various state court records that have been Bates-stamped the sequential numbers one through eighty-seven.  This Court will refer to those numbers when referencing the state court records that relate to the criminal matter below.

[2]       Prior to that plea, George had waived his right under Criminal Procedure Law ("CPL") § 180.70(1) to an Indictment, and instead consented to be prosecuted by a Superior Court Information.  See Record at 8-9.

[3]       This Court was not provided with a copy of any transcript that may have been generated which relates to George's guilty plea.  However, respondent did submit a copy of the transcript of petitioner's sentencing.  See Record at 11-18 ("Sentencing Tr.").  The date on which George pleaded guilty to the charge is referenced by Judge McGrath at the sentencing hearing.  See Sentencing Tr. at 2.

[4]       N.Y. Penal L. § 70.45, entitled "Determinate sentence; post-release supervision" provides, in salient part:

> Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision.  Such period shall commence as provided in subdivision five of this section and a violation of any condition of supervision occurring at any time during such period of post-release supervision shall subject the defendant to a further period of imprisonment up to the balance of the remaining period of post-release supervision, not to exceed five years....

N.Y. Penal L. § 70.45(1).

an order that set aside his sentence, or, alternatively, scheduled a hearing to determine whether such sentence should be vacated because it was unauthorized, illegally imposed or otherwise invalid as a matter of law.  See Record at 49-56.  That motion was denied by Judge McGrath in his Decision and Order dated December 2, 2002.  See Record at 81-84.[5]  In its order dated January 23, 2003, the New York State Supreme Court Appellate Division, Third Department, denied George's application for permission to appeal Judge McGrath's December, 2002 order to the Appellate Division.  See Record at 42.

**B.    This Action**

On June 10, 2003, George filed a pro se petition in this District seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Dkt. No. 1.  By order filed July 2, 2003, United States District Judge Thomas J. McAvoy directed George to file an amended pleading if he wished to proceed with this action, see Dkt. No. 4, and on July 10, 2003, George filed that amended petition.  See Am. Pet.

Judge McAvoy reviewed George's amended pleading, and, after finding that it complied with the pleading requirements applicable to habeas corpus petitions, Judge McAvoy directed the respondent to file his response to that pleading in the Court's Order filed August 18, 2003.  See Dkt. No. 8.[6]

On October 16, 2003, the Office of the Attorney General for the State of New York,

---

[5]    It is not entirely to this Court when George first learned that he would be subjected to post-release supervision.  Although petitioner claims in his amended petition that he first became aware of that requirement on September 30, 2002, see Dkt. No. 5 ("Am. Pet.") at 6, in his August, 2002 CPL Motion, George argued that he was already aware of the requirement relating to post-release supervision.  See Record at 51.

[6]    The Court's August, 2003 Order also directed the Clerk to strike a second amended petition that George had improperly filed in this action.  See Dkt. No. 8.

acting on respondent's behalf, filed a response in opposition to George's amended petition.  See

Dkt. No. 13.  Petitioner thereafter submitted a "traverse" in further support of his amended

habeas application.  See Dkt. No. 16.  On January 5, 2006, then-Chief United States District

Judge Frederick J. Scullin, Jr. re-assigned this action to the undersigned for disposition.  Dkt.

No. 19.

## II.   Discussion

In his amended petition, George notes that on October 29, 2002, he completed the term of

imprisonment imposed on him by the County Court  See Am. Pet. at 5.  His three year term of

supervised release commenced upon his release from prison.  See N.Y. Penal L. § 70.45(5)

("post-release supervision shall commence upon the person's release from imprisonment"); see

also Record at 51 (George noting in CPL § 440.20 motion that he would commence serving

post-release supervision upon his release in October, 2002).  Thus, it is apparent that such term

of supervised release was fully completed by George in or about October, 2005.[7]

Article III, Section 2 of the United States Constitution limits the subject matter of the

federal courts to cases that present a "case or controversy."  Spencer v. Kemna, 523 U.S. 1, 7

(1998); Baur v. Veneman, 352 F.3d 625, 631-32 (2d Cir. 2003).  As the Spencer Court noted,

where the federal action no longer presents a case or controversy, the action is moot and the

court no longer retains subject matter jurisdiction over the proceeding.  Spencer, 523 U.S. at 7;

---

[7]       The "Inmate Information Database" provided by the New York Department of
Correctional Services ("DOCS") on the Internet indicates that the maximum expiration date
applicable to George's post-release supervision occurred on December 21, 2005.  See http://
nysdocslookup.docs.state.ny.us (Inmate Name: George, Michael).  According to the DOCS,
"[u]pon reaching the maximum expiration date, the individual's legal obligation to serve a
custodial sentence or period of parole supervision ends" (available at www.docs.state.ny.us/
univinq/fpmsdoc.htm#ME).

see also Marrero Pichardo v. Ashcroft, 374 F.3d 46, 51 (2d Cir. 2004) ("[a] case becomes moot

when it no longer satisfies the 'case-or-controversy' requirement of Article III, Section 2 of the

Constitution") (citing Spencer); Baur v. Veneman, 352 F.3d 625, 631-32 (2d Cir. 2003); Greif v.

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F.Supp.2d 157, 160 (E.D.N.Y. 2003).

Thus, where the issues presented by a party in an action are no longer "live," the federal action is

properly dismissed as moot.  City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (internal

quotations and citations omitted).[8]

The "case-or-controversy" requirement of Article III is typically satisfied in the context

of federal habeas petitions challenging the validity of a state court conviction because the

incarceration "constitutes a concrete injury, caused by the conviction and redressable by

invalidation of the conviction."  Spencer, 523 U.S. at 7; see also Geraci v. Sheriff, Schoharie

County Jail, No. 99-CV-0405, 2004 WL 437466, at *1-2 (N.D.N.Y. Feb. 20, 2004) (Sharpe, J.).

Moreover, a habeas petition challenging a criminal conviction is not necessarily rendered moot

when the petitioner is released from prison because collateral consequences of that conviction

survive an inmate's release.[9]  See, e.g., Spencer, 523 U.S. at 12 ("it is an 'obvious fact of life that

---

[8]      Although the respondent has not argued that this action is moot, this Court
notes that when a case becomes moot, the federal court is deprived of subject matter
jurisdiction over the action.  See Spencer, 523 U.S. at 7; Fox v. Board of Trustees of the State
Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation and citation omitted).
Federal courts must consider sua sponte matters that touch upon the court's subject matter
jurisdiction.  Krimstock v. Kelly, 306 F.3d 40, 70 n.34 (2d Cir. 2002) ("whether the claims of
some plaintiffs have been rendered moot ... is a question that a court must address sua
sponte"); see also United States v. Williams, 475 F.3d 468, 479 (courts "'have the obligation
to consider whether this action is moot'") (quoting In re Kurtzman, 194 F.3d 54, 58 (2d Cir.
1999)).

[9]      Examples of such collateral consequences include the inability to serve as a
juror, engage in certain businesses, or vote.  E.g., Johnson v. Levine, 00Civ.8402, 2001 WL
282719, at *1 (S.D.N.Y. Mar. 21, 2001).

5

most criminal convictions do in fact entail adverse collateral legal consequences'") (quoting Sibron v. New York, 392 U.S. 40, 55 (1968)).

In the present action, however, George is not challenging the validity of his conviction but rather the portion of the imposed sentence that subjected him to a term of supervised release after his discharge from prison.  See Am. Pet.; see, e.g., Memorandum of Law in Support of CPL § 440.20 Motion (Record at 50-54) (counsel conceding that George did not wish to vacate plea but was instead requesting that he be re-sentenced).

In Spencer, the Supreme Court considered the issue of when a habeas petition challenging a parole revocation proceeding becomes moot because it no longer presents a case or controversy.  The petitioner in Spencer had challenged the wrongful termination of his parole status, however while that action was pending, the term of his imprisonment expired.  Spencer, 523 U.S. at 6.  In considering whether the petition was moot, the Spencer Court noted: "[t]he reincarceration that he incurred as a result of [the revocation of his parole] is now over, and cannot be undone.  Subsistence of the suit requires, therefore, that continuing 'collateral consequences' of the parole revocation be either proved or presumed."  Id. at 8.  Since the petitioner in Spencer was unable to establish any collateral consequences relating to the decision to revoke his parole,[10] the Court affirmed the judgment of the Eighth Circuit Court of Appeals which had dismissed petitioner's case as moot.  Spencer, 523 U.S. at 18; see also Williams, 475 F.3d at 479 (appeal of sentence rendered moot upon appellant's release from prison; even though appellant was subject to a period of supervised release, there "[wa]s no possibility that the ...

---

[10]     The petitioner "bear[s] the burden of demonstrating some concrete and continuing injury sufficient to create an Article III case or controversy."  United States v. Mercurris, 192 F.3d 290, 294 (2d Cir. 1999).

court could impose a reduced term of supervised release" following a remand for re-sentencing).

In the case <u>sub judice</u>, when George's period of supervised release fully expired in 2005, any injury from which he was suffering as a result of the imposed period of supervised release necessarily "disappear[ed] and [his] case cease[d] to meet the requirements of Article III." <u>Wing Lee Woo v. United States</u>, No. CV00-2389, 2007 WL 3034210, at *4 (E.D.N.Y. Oct. 15, 2007).

Since this action has clearly become moot since it was commenced by George, this Court no longer has subject matter jurisdiction over this proceeding and George's amended petition must be dismissed.

## III.    **Certificate of Appealability**

Finally, the Court notes that 28 U.S.C. § 2253(c) provides in relevant part that:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court ....

28 U.S.C. § 2253(c)(1)(A).[11]  A Certificate of Appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2).  Since petitioner has failed to make such a showing herein, the Court declines to issue any Certificate of Appealability in this matter.

**WHEREFORE**, after having reviewed the state court record, the documents submitted by the parties in conjunction with this action, the applicable law, and for the reasons discussed

---

[11]     Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." <u>See</u> Fed.R.App.P. 22(b).

herein, it is hereby

ORDERED, that George's amended habeas petition (Dkt. No. 5), is **DENIED** and

**DISMISSED** as **MOOT**, and it is further

ORDERED, that the Clerk of Court serve a copy of this Memorandum-Decision and

Order upon the parties to this action by regular or electronic mail, and it is further

ORDERED, that any state court records that were not filed and docketed in this action

be returned directly to the Attorney General at the conclusion of these proceedings (including

any appeal of this Memorandum-Decision and Order filed by any party).

**IT IS SO ORDERED.**

Dated:          February 8, 2008
               Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge

8